COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Willis and Overton
Argued at Norfolk, Virginia


DONALD VALCOLEN FREW

MEMORANDUM OPINION[*] BY
v.          Record No. 0270-96-1          JUDGE NELSON T. OVERTON
                                          OCTOBER 1, 1996
PATRICIA CHADWICK FREW


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Robert P. Frank, Judge

Oldric J. LaBell, Jr., for appellant.

Robert B. Halkowich (Spencer and Halkowich,
P.C., on brief), for appellee.


Donald Frew (husband) appeals the decision of the circuit court concerning the final decree of divorce from Patricia Chadwick Frew (wife).  For the reasons that follow, we affirm the trial court.

The parties separated in 1983, when they signed a separation agreement that provided for payment from husband to wife. Husband filed for divorce on January 25, 1994.  While that suit was pending, wife filed an action at law to recover non-payment of the separation agreement on November 29, 1994.  On December 1, 1995, the circuit court rendered a final judgment on the law action, interpreting a disputed provision and assigning an arrearage.  That decision was appealed on January 3, 1996 to this Court.[1]

_____

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

[1] The Court of Appeals had no jurisdiction over the law

The final decree of divorce was entered on January 5, 1996. In that decree the trial judge incorporated his ruling and interpretation of the earlier law action. Husband appeals from this order.

Husband's appeal concerns the interpretation of the separation agreement, fully argued and adjudicated in the law action. He does not contend that the judge erred by incorporating the previous order into the divorce decree, only that the previous order was decided incorrectly. He assigns no error to the actions of the judge in this case, but rather addresses his arguments to the ruling of the judge in the law action.

Because we find no reversible error by the trial judge in this case, we affirm the decision below. Any error in the law action will be considered by the Supreme Court of Virginia, where jurisdiction properly lies.

Affirmed.

---

action and transferred the appeal to the Supreme Court of Virginia pursuant to Code § 8.01-677.1. See Frew v. Frew, Record No. 0251-96-1 (October 1, 1996) (unpublished).